**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:24-CR-122(1)-CRW** |
| | § | |
| **DERRICK DEWAYNE JOHNSON** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE CHRISTOPHER R. WOLFE,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Defendant Derrick Dewayne Johnson's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On January 8, 2025, United States District Judge Alan D Albright sentenced Johnson to a time-served term of imprisonment, with three years of supervised release to follow, for the crime of Possession of a Firearm by a Convicted Felon in violation of United States Code Title 18, Sections 922(g)(1) and 924(a)(8). Johnson began his initial term of supervised release on January 24, 2025.

Three months later, the United States Probation Office filed a 12B Request for Modifying

the Conditions of Supervision because Johnson had submitted two urine samples that tested

positive for marijuana and opiates, admitted to taking prescription pain medications that were not

prescribed to him, and smoked marijuana. On April 15, 2025, Judge Albright granted the request.

He ordered that Johnson participate in substance abuse treatment as well as follow all other

special substance abuse conditions. The United States Probation Office did not request that the

Court revoke Johnson's supervision at that time, and Johnson continued his supervision with the

new conditions in place.

On February 24, 2026, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision, alleging that Johnson violated the terms of his

supervision in the following ways:

**Violation Number 1:** Johnson violated mandatory condition number 1, in that on or about January 29, 2026, he knowingly or intentionally possessed a controlled substance listed in Penalty Group 1, to wit: Crack Cocaine, weighing four grams or more but less than 200 grams, in violation of Texas Penal Code Section 481.115(d), which is a Second-Degree Felony

**Violation Number 2:** Johnson violated mandatory condition number 1, in that on or about January 29, 2026, Johnson, knowing that an investigation or official proceeding was pending or was in progress, altered, destroyed, or concealed a record, document, or thing with the intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding, in violation of Texas Penal Code Section 37.09, which is a Third-Degree Felony.

**Violation Number 3:** Johnson violated mandatory condition number 3, in that on or abut April 2 and June 11, 2025, he used and possessed both opiates and marijuana.

**Violation Number 4:** Johnson violated mandatory condition numbers 7 and 8, in that on or about February 23, 2026, he failed to pay his fine and special assessment as ordered.

On June 16, 2026, the Court held a hearing on the petition. At the hearing, Johnson pled **TRUE** to all violations. The petition contained a sufficient factual basis to support his pleas of **TRUE**.

## II.  FINDINGS OF THE COURT

Based on Johnson's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.    Johnson violated the conditions of his supervision as alleged in the petition.

2.    Johnson was competent to make the decision to enter his pleas of **TRUE**.

3.    Johnson had both a factual and rational understanding of the proceedings against him.

4.    Johnson did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    Johnson was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    Johnson was sane and mentally competent to stand trial for these proceedings.

7.    Johnson was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    Johnson received a copy of the petition naming him, and he either read it or had it read to him.

9.    Johnson understood the petition and the charges alleged against him.

10.    Johnson had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Johnson was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Johnson understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Johnson freely, intelligently, and voluntarily entered his pleas of **TRUE**.

14. Johnson understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Johnson's pleas of **TRUE**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the District Judge **REVOKE** Johnson's supervised release and sentence him to the following:

(1) a six-month term of imprisonment, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party

Page 4 of 5

from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 16th day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE